09-4963-cv
Cirincione v. Plumbers Local Union No. 200 Pension Fund

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of December, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
>      *Circuit Judges*,
> EDWARD R. KORMAN,
>      *District Judge.*[*]


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREW CIRINCIONE,

>          *Plaintiff-Counter-Defendant-Appellant*,

v.                                                                    No. 09-4963-cv

PLUMBERS LOCAL UNION NO. 200 PENSION FUND and
BOARD OF TRUSTEES OF THE PLUMBERS LOCAL UNION
NO. 200 PENSION FUND,

>          *Defendants-Counter-Claimants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

[*] The Honorable Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

1

**FOR APPELLANT:**   RICK OSTROVE, Leeds, Morelli & Brown, P.C., Carle Place, NY.

**FOR APPELLEES:**   JOHN H. BYINGTON III, Archer, Byington, Glennon & Levine LLP, Melville, NY.


Appeal from a September 24, 2009 judgment entered in the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be **AFFIRMED**.

Appellant Andrew Cirincione commenced this suit in the United States District Court for the Eastern District of New York to restore his pension benefits, which had been suspended by the Plumbers Local Union No. 200 Pension Fund (the "Pension Fund") in a decision ratified by the Pension Fund's Board of Trustees (the "Trustees"). The Pension Fund and the Trustees (jointly, "defendants") counterclaimed in an effort to compel Cirincione to return the $70,265.92 in pension benefits that he had already received. Defendants moved for summary judgment on both Cirincione's claims and their own counterclaim. The District Court entered judgment in favor of defendants on all of the claims set forth in Cirincione's complaint, but denied defendants' motion for summary judgment on their unjust enrichment counterclaim.[1] Cirincione now appeals the judgment of the District Court insofar as it granted defendants' motion for summary judgment.

Andrew Cirincione formed County Pneumatic Controls, Inc. ("CPC") in 1977. CPC performed pneumatic temperature control work. Cirincione began as CPC's only employee, but the company expanded over the years. By 1992 Cirincione stopped doing field work, and, a few years later, he apparently felt that CPC's day-to-day operations would be unaffected by his departure from the company. In 1999 Cirincione decided to retire. Upon his retirement, Cirincione applied for and was awarded an early retirement pension from the Pension Plan ("Plan") administered by the Trustees on behalf of the Pension Fund.[2]

Cirincione continued to receive pension benefits until 2006. In March of that year, Cirincione pleaded guilty in the County Court for Suffolk County to a violation of New York Penal Law § 175.10, falsifying business records in the first degree—a class E felony. Cirincione reached

---

[1] Defendants' counterclaim was dismissed without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

[2] The Pension Fund is an employee pension plan within the meaning of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(1); the Trustees are fiduciaries of the Pension Fund within the meaning of ERISA, 29 U.S.C. § 1002(21)(A); and Cirincione is a "participant" of the Pension Fund within the meaning of ERISA, 29 U.S.C. § 1002(7).

this plea bargain in response to charges that he personally, as well as CPC itself, submitted fraudulent payroll records to avoid paying CPC's employees prevailing wages as required by New York's Labor Law. In the plea agreement Cirincione represented that he "is the owner and President of [CPC] with full authority to so bind the corporation."[3] Additionally, Cirincione reached a similar plea agreement in the County Court for Nassau County.

These plea agreements alerted the Pension Fund to the fact that Cirincione maintained at least some substantial ongoing control over CPC's daily operations and thus was not actually retired. By letter dated November 28, 2006, the Pension Fund's Director informed Cirincione that his monthly pension benefits were being suspended. The letter also demanded that Cirincione reimburse the Pension Fund for the $70,265.92 worth of benefits he had already received since April 1999. Following an unsuccessful appeal to the Trustees, Cirincione commenced this suit to restore his pension benefits.

We review the District Court's grant of summary judgment based on the administrative record *de novo*. *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). As for the standard governing our review of the Trustees' decision to suspend Cirincione's pension benefits, where, as here, "written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious."[4] *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995) (quotation marks omitted). Under this standard of review, we may overturn the Trustees' decision "only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* at 442 (quotation marks omitted). Furthermore, our review is limited to the administrative record that was before the Trustees. *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995).

Under the relevant language of the Plan, "Pensioners who are under age 65 [as Cirincione was throughout the period in question] will continue to have their benefits suspended for any month they are re-employed for one or more hours of service in the industry, trade or craft or geographic area [as defined earlier in the Plan]" § V(F)(2). Based on Cirincione's plea agreements—which indicated that, as of 2006, Cirincione remained President of CPC and continued to play at least some significant role in the affairs of the company—the Trustees concluded that Cirincione remained employed by CPC while he was receiving pension benefits from the Pension Fund. In the proceedings before the Trustees, Cirincione acknowledged that he continued to "receive[] a salary from CPC in his capacity as President and an owner of the company." Cirincione also conceded

---

[3] Cirincione reached a similar plea agreement in Nassau County in response to substantially similar charges.

[4] In relevant part, the Pension Plan states that "[t]he Board of Trustees shall have the exclusive right to interpret the Plan and to decide any matters arising thereunder in connection with the administration of the Plan," and that "[t]he determination of the Trustees as to the interpretation and application of this Plan shall be binding, final and conclusive."

3

that he had "worked" for CPC since his "retirement," but only "very rarely," and even then typically only to perform ministerial duties such as signing checks.

Cirincione's primary argument on appeal is that he has not been "re-employed" by CPC since his retirement in 1999. Cirincione claims that, in order to be considered "re-employed," he would have to be an "employee" of CPC, and that he has not been an "employee" of CPC since his "retirement" in 1999. We need not reach the question of whether Cirincione could be considered an employee of CPC because we agree with the District Court that, under the terms set forth in the Plan, an individual can be "re-employed" without necessarily being an "employee." Although the Plan leaves the term "re-employed" undefined, its proper meaning can be identified when viewed in context. The Plan provides that pensioners will have their benefits suspended "for any month they are re-employed for one or more hours of service in the [relevant] industry, trade or craft or geographic area." Inasmuch as that this provision can be triggered by retirees who perform as little as one hour of "service" a month, the term "re-employed" obviously cannot be limited to individuals who are "employees" of a particular company. Indeed, this provision is plainly meant to apply to individuals who have morphed into active independent contractors in their retirement. As evidenced by his plea agreements, his statements before the Trustees, and the fact that he continued to receive W-2 wages (over $300,000 a year) from CPC throughout his retirement, Cirincione was unquestionably "re-employed" by CPC within the meaning of the Plan. Therefore, the decision of he Trustees to suspend Cirincione's benefits was not incorrect, much less arbitrary and capricious.

Cirincione raises a number of other challenges to the Trustees' decision. For instance, he accuses defendants of harboring animus towards him due to CPC's withdrawal from Local 200 following his retirement. Cirincione also claims that, upon his retirement, defendants assured him that he could maintain his role as President of CPC. There is no support for these allegations in the administrative record before the Trustees, so we are unable to review them.

## CONCLUSION

We have considered all of Cirincione's arguments and find them to be without merit. Accordingly, the judgment of the District Court granting summary judgment for the defendants is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4